UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CATHERINE CLAYTON,   :

    Plaintiff,

                            Case No. 2:25-cv-00291
v.                     Chief Judge Sarah D. Morrison
                            Magistrate Judge Kimberly A.
                      :    Jolson
ZIMMER US, INC., *et al.*,

    Defendants.

**OPINION AND ORDER**

This matter is before the Court on the Motion to Dismiss filed by Defendant Zimmer Biomet Mid-Ohio, Inc. ("Mid-Ohio"). (Mot., ECF No. 8.) Plaintiff Catherine Clayton responded (Resp., ECF No. 16), and Mid-Ohio then filed its reply (Reply, ECF No. 19). For the reasons set forth below, the Motion is **GRANTED**. All claims against Mid-Ohio are **DISMISSED.**

**I.    BACKGROUND**

In April 2021, Ms. Clayton underwent surgery to have a Zimmer Biomet Persona Press-fit knee device implanted into her left knee at Springfield Regional Medical Center. Almost two years later, Ms. Clayton felt a pop in her left knee and began to experience problems with her mobility. After returning to her surgeon, she was told that the implanted medical device had fractured. Ms. Clayton's knee required two more surgeries. The device was ultimately removed from Ms. Clayton's knee due to infection.

Ms. Clayton filed suit in the Franklin County, Ohio Court of Common Pleas, asserting Ohio Products Liability Act ("OPLA") claims against Zimmer US, Inc. (d/b/a Zimmer Biomet), Zimmer Biomet, Inc., Zimmer, Inc., and Mid-Ohio. Defendants removed the case to this Court, invoking diversity jurisdiction; Ms. Clayton and Mid-Ohio are citizens of Ohio, while the three remaining Defendants are citizens of Delaware and Indiana. The Notice of Removal asserts that Mid-Ohio is fraudulently joined and the claims against it should be dismissed. Mid-Ohio's Motion to Dismiss makes the same argument.

## II. STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction." *Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250, 255 (6th Cir. 2011). A civil action before a state court can be removed to a federal district court with original jurisdiction. 28 U.S.C. § 1441(a). "District courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States." 28 U.S.C. § 1332(a). A defendant who removes a case to federal court carries the burden of establishing federal jurisdiction. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871–72 (6th Cir. 2000).

If a "non-diverse defendant was fraudulently joined, the court may exercise jurisdiction over the case, but the court must dismiss that defendant from the action and lacks the power to resolve the merits of the claims against it." *Cline v. Dart Transit Co.*, No. 21-3468, 2023 WL 3003190, at *3 (6th Cir. Apr. 19, 2023).

"Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 432 (6th Cir. 2012) (internal quotation marks and citation omitted). The doctrine allows a federal court to exercise diversity jurisdiction without regard to the citizenship of a non-diverse party when "there is no colorable cause of action" against that non-diverse party. *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 951 (6th Cir. 2011) (quoting *Saginaw Hous. Comm'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009)).

For a court to find that a non-diverse party was fraudulently joined, the removing party must show that "there can be no recovery [against the non-diverse defendant] under the law of the state on the cause alleged or on the facts in view of the law[.]" *Id.* (quoting *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)). The removing party can present evidence beyond the pleadings to make this showing. *Id.* at 952 (citing *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) ("To prove fraudulent joinder, the removing party must *present sufficient evidence* that a plaintiff could not have established a cause of action against non-diverse defendants under state law.") (emphasis added)).

Courts evaluating fraudulent joinder use a standard "akin to that of a Rule 12(b)(6) motion to dismiss," though with two significant differences. *Id.* at 954. First, the standard is "arguably more deferential" to the plaintiff than the Rule 12(b)(6) standard. *Id.* If there is "any reasonable basis for predicting that the plaintiff could prevail," the federal court must find that joinder was proper and

3

remand the case to the state court. *Alexander*, 13 F.3d at 18 (internal quotation and citation omitted). Any disputed questions of fact or law are to be resolved in favor of the non-removing party. *Id*. at 19.

The second difference is the court's ability to look beyond the pleadings. A fraudulent joinder analysis "may pierce the pleadings and consider summary judgment-type evidence in the record." *Walker*, 443 F. App'x. at 953 (quoting *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)). In other words, "[t]he court may look to material outside the pleadings for the limited purpose of determining whether there are undisputed facts that negate the claim." *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012) (internal quotation and citation omitted).

### III. ANALYSIS

Mid-Ohio's presence defeats diversity. Defendants argue that this Court should nevertheless retain jurisdiction over the case because Mid-Ohio was fraudulently joined. Ms. Clayton alleges that Mid-Ohio is derivatively liable as a supplier of the device implanted into her knee. (Compl., PAGEID # 44 (citing Ohio Rev. Code § 2307.78(B)).) Derivative liability attaches if "the supplier in question is owned, or when it supplied that product, was owned, in whole or in part, by the manufacturer of that product[.]" Ohio Rev. Code § 2307.78(B)(4).

The Court will assume that Mid-Ohio is a supplier under the OPLA, but Ms. Clayton's derivative claim fails on the ownership requirement. Ms. Clayton alleges that her surgeon spoke to a "local Zimmer representative" about the device and that Mid-Ohio is listed on the Zimmer website. (Resp., PAGEID # 198.) But Mid-Ohio

4

has submitted undisputed evidence that it "does not own, is not owned by, nor has it ever been owned by Zimmer US, Inc., Zimmer Biomet Holdings, Inc., or Zimmer, Inc." (Graham Aff., ¶ 7; Resp., PAGEID # 199 (admitting that the device supplier's identity is "unknown by Plaintiff at this time").) The Court thus finds that Ms. Clayton has failed to assert a colorable claim against Mid-Ohio and that Mid-Ohio is fraudulently joined in this action.

## IV. CONCLUSION

For the reasons stated herein, Mid-Ohio's Motion (ECF No. 8) is **GRANTED**. Ms. Clayton's claims against Zimmer Biomet Mid-Ohio, Inc. are hereby **DISMISSED**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**